IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WHITE STAR PROPERTIES LP | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY | § § § § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, White Star Properties LP, files this complaint against Defendant, Fidelity National Property and Casualty Insurance Company, and would show this honorable court as follows:

### Parties

1. Plaintiff is a company doing business in Galveston County, Texas at 2401 Market Street, Galveston, Texas. The property that is the subject of this lawsuit has a mailing address in Galveston County, Texas.

2. Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY (hereafter "Fidelity"), is an insurance company doing business in Texas that can be served by serving its registered agent, CT Corporation System at 350 North St. Paul Street, Dallas, Texas 75201.

### Jurisdiction and Venue

3. This action seeks to recover insurance proceeds for damages caused by flooding from Hurricane Ike. The court has jurisdiction over the lawsuit because all disputes arising from the handling of a flood insurance policy are governed exclusively be the flood insurance regulations issued

1

by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because: (1) a substantial part of the events or omissions giving rise to this claim occurred in this district and; (2) a substantial part of the property at issue is situated in this district.

### Agency and Respondeat Superior

5. Whenever in this petition it is alleged that the Defendant did any act or omission, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such act or omission. They were also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### Conditions Precedent

6. All conditions precedent to recovery have occurred or been performed.

### Facts of the Case

7. Plaintiff's property at 2401 Market St., Galveston, Texas, has sustained water damage caused by flooding. Plaintiff had purchased from Fidelity a flood insurance policy for its property for many years. This policy insured Plaintiff's property against damage and physical loss caused by flooding. On or about September 13, 2008, Plaintiff reported this loss to Fidelity.

8. Fidelity and its adjuster, Ray Graf, investigated and reported on the flood damage to Plaintiff's property. On October 16, 2008, Fidelity estimated the damages to the property by sending Plaintiff two estimates, one estimate in the amount of $183,625.73, before taking into consideration depreciation and the policy deductible, with an actual cash value of $123,002.20, before taking into consideration the policy deductible (with an attached estimate for construction debris removal in the amount of $3,056.33 and for excluded items from contractor overhead and profit at $20,658.59) and another estimate in the amount of $205,675.41 before taking into consideration depreciation and the

policy deductible with an actual cash value of $145,383.89 before taking into consideration the policy deductible (with an attached estimate for construction debris removal at $8,421.98 and for excluded items from contractor overhead and profit at $24,370.05). Ray Graf sent these estimates to Plaintiff along with settlement instructions to sign the enclosed proof of loss and the National Flood Insurance Program final report form in front of a notary public.

9. On November 11, 2008, Fidelity estimated the damages to the property by sending Plaintiff an estimate in the amount of $194,421.53 before taking into consideration depreciation and the policy deductible with an actual cash value of $138,858.15 before taking into consideration the policy deductible (with an attached estimate for construction debris removal at $7,965.16 and for excluded items from contractor overhead and profit at $23,537.79). On November 13, 2008, Fidelity sent an estimate for the damages to the property by sending Plaintiff an estimate in the amount of $205,675.41 before taking into consideration depreciation and the policy deductible with an actual cash value of $145,383.89 before taking into consideration the policy deductible (with an attached estimate for construction debris removal at $8,421.98 and for excluded items from contractor overhead and profit at $24,370.05). Ray Graf sent these estimates to Plaintiff along with instructions to sign the enclosed proof of loss and the National Flood Insurance Program final report form in front of a notary public.

10. On December 21, 2008, Fidelity sent a revised estimate in the amount of $60,517.88 before taking into the policy deductible with an actual cash value of $40,318.28 before taking into consideration the policy deductible.

11. Since Fidelity and its adjusters had performed an inadequate investigation and failed to address all the flood damage at Plaintiff's property in its estimates, Plaintiff hired an adjusting firm, Gary Pennington & Associates, to investigate and report on Plaintiff's flood claim. Based on their inspection, review of Plaintiff's loss documentation and the estimates prepared by Ray Graf, Dave Humphries prepared an estimate based on line items that were not included in Fidelity's estimates. Mr. Humphries estimated excluded and additional damage of $59,779.58. This amount should be added to

the original estimate of Mr. Graf as a supplemental claim of damages due on the flood. Plaintiff's adjuster submitted a proof of loss to Fidelity and Mr. Humphries estimate and requested payment. On March 16, 2009, Fidelity rejected Plaintiff's supplemental proof of loss. To date, Fidelity has failed and refused to pay Plaintiff for the proper repair of the damage to its property caused by the flood of Hurricane Ike.

## Cause of Action for Breach of Contract

12. According to the flood insurance policy that Plaintiff purchased, Fidelity has the duty to investigate and pay Plaintiff policy benefits for claims made for damages caused by flooding. As a result of water damage from flooding, which is a covered peril under the subject insurance policy, Plaintiff's property has been damaged. Fidelity has breached this contractual obligation and the subject insurance policy by failing to pay the Plaintiff policy benefits for the cost to properly repair the damage to its property damage. As a result of these breaches of contract, Plaintiff has suffered the damages that are described in this petition.

## Damages

13. The above described acts, omissions, failures and conduct of Defendant has caused Plaintiff damages which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover the amount of its claim plus an 18% per annum penalty on that claim against Defendant as damages under Chapter 542 of the Texas Insurance Code. All the damages described in this petition are within the jurisdictional limits of the Court.

## Attorneys' Fees

14. As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under any applicable statute.

## Jury Demand

4

15. Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial by jury and prays that Defendant be cited to appear and answer, and on final hearing, the court award Plaintiff a judgment against Defendant for the following:

1. Actual and economic damages in an amount within the jurisdictional limits of the court;
2. Reasonable attorneys' fees through trial and on appeal;
3. Pre-judgment and post-judgment interest as provided by law;
4. Costs of court; and
5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*Loree, Hernandez & Lipscomb*
14607 San Pedro, Suite 125
San Antonio, Texas 78232
Telephone: (210) 404-1320
Facsimile:  (210) 404-1310

By: _____
Robert W. Loree
State Bar No. 12579200
Thomas Hernandez
State Bar No. 09516400

Attorneys for Plaintiff